# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **03 C 104** | **DATE** | June 16, 2003 |
| **CASE TITLE** | Kay Marchioni    v    Board of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, defendant Hassan's motion to dismiss count X for defamation is denied. Defendant Hassan's answer to count X is due within 21 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | JUN 1 8 2003 date docketed | 18 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 03 JUN 17 PM 4:13 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 1 8 2003

| KAY MARCHIONI, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No.  03 C 0104 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO; and OKAB HASSAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In her first amended complaint, plaintiff Kay Marchioni alleges that the Board of Education of the City of Chicago (the "Board") and school principal Okab Hassan violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., the First Amendment, and Illinois tort law. In Count X, which defendant Hassan has moved to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff alleges that Hassan defamed her by making critical remarks about her in a school staff meeting and by publishing statements that she had committed child abuse and uttered racist remarks. For the reasons stated herein, Hassan's motion to dismiss Count X is denied.

## FACTS

Plaintiff began working for the Chicago Public Schools in 1986, and came under the supervision of defendant Hassan, school principal at Peak School, in February 2001. Plaintiff alleges that during her time at Peak School, she was: (1) pressured to convert to Islam, follow Islamic rules of dress and decorum, and donate to Islamic charities; (2) sexually propositioned



and physically accosted; (3) assigned physically harmful job duties for rejecting the religious pressure and sexual advances; and (4) subjected to an unfounded investigation into her classroom conduct, which in part involved allegations of child abuse, racist remarks and misrepresentations on her application for teacher certification. This investigation culminated in plaintiff's suspension without pay and the initiation of termination proceedings against her. Finally, plaintiff alleges that Hassan made negative statements about her at a staff meeting on or about June 5, 2002,[1] and on another occasion or occasions publicly remarked to plaintiff's fellow teachers, friends, parents of Peck School students and community members that she was a child abuser and a racist.

On June 13, 2002, plaintiff filed a charge with the EEOC alleging that Hassan violated her rights under Title VII and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., and subsequently received notice of her right to sue based on that charge. Plaintiff's first amended complaint[2] alleges that since February 2002, the Board subjected her to discriminatory treatment (Counts I-II, IV-V) and since June 4, 2002, to retaliation (Counts VI-IX) in violation of Title VII. She further alleges that the Board and Hassan violated her First Amendment rights (Count XII) and assaulted and battered her (Count III). Plaintiff also alleges that Hassan

---

[1]Plaintiff alleges that the remarks included, but were not limited to: (1) "There is a teacher in this school who has a dentist who is interfering with me"; (2) "There is a teacher in this school who says I look like the Statue of Liberty"; (3) "There is a teacher in this school who says I squeak like a chicken"; (4) "There is a teacher in this school who is passing around a letter about me"; and (5) "This teacher is the evil one."

[2]Plaintiff's original complaint against the Board and Hassan alleged seven counts of Title VII violations, one count of assault and battery, and one count of defamation. On March 13, 2003, the court granted defendants' motion to dismiss all counts without prejudice.

intentionally inflicted emotional distress on her (Count XI) and defamed her (Count X) by making critical remarks about her in a school staff meeting and by publishing statements that she had committed child abuse and uttered racist remarks.

## DISCUSSION

For purposes of evaluating a motion to dismiss, the court construes all well-pled facts to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977). All inferences are resolved in favor of the plaintiff. Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). Motions to dismiss brought pursuant to Rule 12(b)(6) are granted only when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957).

Hassan asks the court to dismiss plaintiff's defamation claim under a common law theory of absolute immunity for statements made by a government official within the scope of official duty. Horwitz v. Board of Education of Avoca School Dist. No. 37, 260 F.3d 602, 617-18 (7th Cir. 2001). In response, plaintiff argues that tort immunity for government officials does not shield defendant from liability for defamatory statements when such statements are false, made maliciously and have a severe impact on plaintiff. In support of this proposition, plaintiff argues that the immunity for local government officials is analogous to the qualified privilege for corporate officers discussed in Mittelman v. Witous, 135 Ill.2d 220, 553 N.E.2d 973 (Ill. 1989). Finally, plaintiff argues that whether the statements were made within the scope of official duty is a factual question that cannot be assessed sufficiently on the face of the complaint, and that dismissal is therefore inappropriate at this preliminary stage of litigation.

A public school principal is absolutely immune from liability for defamation if the

statements were made while acting within the scope of his official duties. Horwitz, 260 F.3d at 617 (7th Cir. 2001). This immunity was first announced for federal officials in Barr v. Matteo, 360 U.S. 564, 79 S. Ct. 1335 (1959), and is firmly rooted in Illinois law. Blair v. Walker, 64 Ill.2d 1, 349 N.E.2d 385 (Ill. 1976). The immunity also extends to lower level public officials. Morton v. Hartigan, 145 Ill. App. 3d 417, 424-25, 495 N.E.2d 1159, 1163-65 (1st Dist. 1986). It cannot be overcome by a showing of malice, Geick v. Kay, 236 Ill. App. 3d 868, 875-76, 603 N.E.2d 121, 127 (2d Dist. 1992), or improper motivation or knowledge of falsity. Blair, 349 N.E.2d at 387 (Ill. 1976). A statement falls within the scope of an official's duties if it is reasonably related to such duties. Cameli v. O'Neal, No. 95 C 1369, 1995 WL 398893, at *1 (N.D.Ill. July 2, 1995), citing Geick, 603 N.E.2d at 128.

Plaintiff's argument that the qualified privilege for corporate officers discussed in Mittelman is analogous to the immunity granted to local government officials is inapposite. Although both shields from liability are designed to serve the public interest by facilitating the efficient functioning of institutions, the magnitude of the interest in the unimpeded functioning of government is of an altogether higher order than the interest in the unimpeded functioning of private corporations. As noted by the appellate court in Geick, 603 N.E.2d at 127, absolute immunity is granted to government officials to allow them to "be free to exercise their duties without fear of potential civil liability" – a privilege not enjoyed by actors in the private sector.

These principles, however, do not compel dismissal of Count X because the complaint raises questions that cannot be resolved at the pleading stage. Hassan's reliance on other cases in this district in which 12(b)(6) dismissals have been held appropriate in defamation actions against public school officials is misplaced. Cameli v. O'Neal, No. 95 C 1369, 1995 WL 398893

4

(N.D.Ill. July 2, 1995), and <u>Nagle v. Chicago School Reform Board of Trustees</u>, No. 96 C 4150, 1999 WL 160234, at *6 (N.D.Ill. March 10, 1999), are distinguishable because the allegedly defamatory remarks in those cases were made by school officials to the media on matters of public interest and thus were reasonably related to official duties. By contrast, the context of the allegedly defamatory remarks in the instant case is less clear. Plaintiff alleges that at the June 5, 2002, staff meeting Hassan made at least five remarks critical of plaintiff. From the face of the pleadings, it is unclear whether these remarks were made in the context of the meeting's agenda, and thus within the scope of Hassan's official duties. Similarly, plaintiff further alleges that Hassan published remarks that plaintiff was a child abuser and a racist to her fellow teachers, friends, parents of Peck School students and community members, without indicating the form or context of the alleged publication.

Without a more fully developed record, the court cannot determine whether the allegedly defamatory comments were made within the scope of Hassan's official duties and thus subject to absolute immunity. Drawing all reasonable inferences in plaintiff's favor, the court therefore concludes that dismissal would be premature and denies Hassan's motion to dismiss.

## CONCLUSION

For the foregoing reasons, defendant Hassan's motion to dismiss Count X for defamation is denied. Hassan is directed to file an answer to Count X within 21 days of this opinion.

**ENTER:** **June 16, 2003**

Robert W. Gettleman
United States District Judge